# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| |
|---|
| JERVON HERBIN, *Plaintiff*, v. SHAWNITA WILKINS SEAU, *Defendant.* |

Civil Action No. 17-1136 (RDM)

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff Jervon Herbin's motions for default judgment. Dkt. 15; Dkt. 18. Because Herbin has not met his burden of establishing subject matter jurisdiction and has not made a prima facie showing of personal jurisdiction, the Court will **DENY** both motions for default judgment without prejudice. The Court will further require that Herbin file additional evidence regarding jurisdiction, liability, and damages.

## I. BACKGROUND

This case arises from a putative business dispute between Plaintiff Jervon Herbin and Defendant Shawnita Wilkins Seau. During the relevant events, Herbin was incarcerated in Virginia, where he remains today. *See* Dkt. 1 at 1. According to Herbin, he developed an idea for "a dating/social networking website" that would "target[] [b]lack consumers." *Id.* at 3–4 (Compl. ¶ 5). He decided to go into business with Seau, "a former college classmate," *id.* at 3–4 (Compl. ¶¶ 4–5), with whom Herbin had "reconnect[ed] after . . . a 17[-]year hiatus in their . . . friendship," *id.* at 7–8 (Compl. ¶ 12). They "entered into a [p]artnership agreement," and Herbin gave Seau a "copy of [his] business plan." *Id.* (Compl. ¶ 5). Although the two friends worked well together at first, Herbin eventually grew dissatisfied with what he perceived to be Seau's

lack of follow-through. *Id.* (Compl. ¶ 5). He alleges that she "failed to meet her partnership obligations [by] failing to execute the task[s] needed to bring the business to fruition." *Id.* (Compl. ¶ 5). In particular, Herbin asserts, Seau did not register a domain name for the website, skipped a workshop at the D.C. "Bar Entrepreneurship Pro Bono Program," and failed to email potential investors. *Id.* (Compl. ¶ 5); *see id.* at 5–6 (Compl. ¶¶ 8–11). Disillusioned, Herbin asked Seau "to return his business plan," warned her not to "steal" his idea, and "informed her . . . that the partnership was to be dissolved." *Id.* at 3–4, 7–8 (Compl. ¶¶ 5, 12). Although Seau agreed to return the document and said she would not compete with him, she allegedly has not returned Herbin's business plan to him despite multiple requests. *Id.* at 7–8 (Compl. ¶ 12). Herbin alleges that, as a result, he has missed out on "professional assistance in launching the business," including "assistance from potential investors." *Id.* at 3–4 (Compl. ¶ 5).

Herbin, proceeding *pro se*, filed this diversity action against Seau. Dkt. 1. He asserts a variety of contract and tort claims based on her alleged "fail[ure] to honor the partnership agreement" as well as unspecified intellectual property claims stemming from her "refusal to return [his] business plan." *Id.* at 9–10 (Compl. ¶¶ 14, 17). He seeks compensatory damages in the amount of $152 million as well as punitive damages. *Id.* at 11–12 (Compl. Prayer).

Seau was served on July 24, 2017, Dkt. 11 at 3, and has failed to respond to the complaint. Herbin moved for a default judgment on December 4, 2017, before the Clerk of the Court had entered a default. Dkt. 15. Three days later, the Clerk entered the default. Dkt. 14. Herbin renewed his motion for default judgment on March 27, 2018. Dkt. 18.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 55 governs the entry of a default judgment. *See* Fed. R. Civ. P. 55. If a defendant "has failed to plead or otherwise defend" against the action, the

plaintiff may "apply to the [C]ourt for a default judgment." *Id.* Entry of a default judgment, however, "is not automatic." *Mwani v. bin Laden*, 417 F.3d 1, 6 (D.C. Cir. 2005). In particular, "the procedural posture of a default does not relieve a federal court of its 'affirmative obligation' to determine whether it has subject matter jurisdiction over the action." *Cohen v. Islamic Republic of Iran*, 238 F. Supp. 3d 71, 79 (D.D.C. 2017) (quoting *James Madison Ltd. v. Ludwig*, 82 F.3d 1085, 1092 (D.C. Cir. 1996)). In addition, the Court "should satisfy itself that it has personal jurisdiction before entering judgment against an absent defendant." *Mwani*, 417 F.3d at 6. In the absence of an evidentiary hearing on personal jurisdiction, the plaintiff can satisfy his "burden of proving personal jurisdiction . . . with a prima facie showing" based on the "pleadings, bolstered by . . . affidavits and other written materials." *Id.* at 7 (emphasis omitted) (citing *Edmond v. U.S. Postal Serv. Gen. Counsel*, 949 F.2d 415, 424 (D.C. Cir. 1991)). The plaintiff "has the burden of establishing both subject matter jurisdiction over the claim[] and personal jurisdiction over the defendant[]." *Friends of Mayanot Inst., Inc. v. Islamic Republic of Iran*, --- F. Supp. 3d ---, 2018 WL 2023498, at *3 (D.D.C. May 1, 2018) (quoting *Thuneibat v. Syrian Arab Republic*, 167 F. Supp. 3d 22, 33 (D.D.C. 2016)).

A complaint that is "filed *pro se* is 'to be liberally construed,'" and, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). A *pro se* plaintiff, however, still "bears the burden of establishing that the Court has subject matter jurisdiction." *Bickford v. United States*, 808 F. Supp. 2d 175, 179 (D.D.C. 2011) (internal quotation marks and citations omitted); *see Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). To determine whether it has jurisdiction, the Court may "consider the complaint supplemented by undisputed facts evidenced in the record." *Coal. for Underground*

*Expansion v. Mineta*, 333 F.3d 193, 198 (D.C. Cir. 2003) (quoting *Herbert v. Nat'l Acad. of Scis.*, 974 F.2d 192, 197 (D.C. Cir. 1992)). If the complaint "fails facially to plead facts sufficient to establish" subject matter jurisdiction, the Court may dismiss the complaint. *Achagzai v. Broad. Bd. of Governors*, 170 F. Supp. 3d 164, 173 (D.D.C. 2016).

### III. ANALYSIS

#### A. Subject Matter Jurisdiction

Before reaching the merits of Herbin's motions for entry of a default judgment, the Court must satisfy itself that it has Article III jurisdiction. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95 (1998). Because Herbin has not established that the Court has subject matter jurisdiction, the Court will deny the motions without prejudice.

Herbin has invoked the Court's diversity jurisdiction under 28 U.S.C. § 1332. *See* Dkt. 1 at 1 (Compl.). "Federal diversity jurisdiction exists only in cases in which no plaintiff is a citizen of the same state as any defendant." *McKee v. U.S. Dep't of Justice*, 253 F. Supp. 3d 78, 82 (D.D.C. 2017). For purposes of assessing diversity jurisdiction, an individual is a citizen of the state in which she is domiciled. *See Prakash v. Am. Univ.*, 727 F.2d 1174, 1180 (D.C. Cir. 1984). Domicile requires "physical presence in a state" as well as the "intent to remain there for an unspecified or indefinite period of time." *Id.* If there are "any litigants from the same state on opposing sides," then diversity jurisdiction is "lacking." *Saadeh v. Farouki*, 107 F.3d 52, 55 (D.C. Cir. 1997) (citation and internal quotation marks omitted). Although Herbin is incarcerated in Virginia, he asserts that he is "a citizen and resident of the District of Columbia." Dkt. 1 at 1 (Compl.). The Court, accordingly, lacks jurisdiction if Seau resides in the District as well.

On this score, the record is mixed. According to the complaint, Herbin "is not exactly sure of where" Seau "resides" because "there is some discrepancy as to her exact address." Dkt.

4

1 at 3 (Compl. ¶ 4). She allegedly provided Herbin with "two different addresses" located in Stafford, Virginia, and "also occasionally resides at her brother's house in Alexandria, Virginia." *Id.* (Compl. ¶ 4). Further confusing matters, Seau allegedly informed Herbin that she "use[s] . . . other relative[s'] address(es)" in the District of Columbia "as her place of residence." *Id.* (Compl. ¶ 4). In subsequent filings, Herbin has continued to express uncertainty as to Seau's place of residence. *See* Dkt. 2 at 1 ("There is [a] discrepancy as to [Seau's] residential address . . . and the only other address [Herbin] has . . . is a work address in Alexandria, Virginia."); Dkt. 8 at 3 (noting that Seau "list[s] several addresses in different jurisdictions as her place of residence").

The return of service affidavit, moreover, does not shed any additional light on Seau's domicile. Because Herbin is proceeding *in forma pauperis*, the U.S. Marshals Service effected service. To do so, the Marshals Service looked to the addresses that Herbin provided for Seau in his complaint. The Marshals Service reported that Seau was served at the first of those addresses, but that it was her workplace in Alexandria, Virginia. Dkt. 11 at 1–2. The Marshals Service further reported that the second address—the Stafford, Virginia address—was Seau's "old house." *Id.* at 1. Beyond providing these addresses—neither of which establishes Seau's domicile—Herbin has not provided any evidence that Seau is a citizen of Virginia.

In sum, it is unclear whether Seau is domiciled in Virginia, which would allow this case to proceed under the Court's diversity jurisdiction, or, alternatively, whether she lives in the District of Columbia, which would preclude this Court from considering the merits. The burden of establishing the Court's jurisdiction rests with Herbin, and he has not done so. As a result, the Court cannot consider Herbin's motions for the entry of a default judgment. Moreover, in order to permit the Court to decide whether this case is properly before it, the Court will order Herbin

5

to submit evidence regarding Seau's domicile. If Herbin is not able to meet his burden of establishing the Court's subject matter jurisdiction, the Court will dismiss this action without prejudice.

**B.     Personal Jurisdiction**

In addition to establishing subject matter jurisdiction, to obtain a default judgment Herbin must make a prima facie showing that the Court has personal jurisdiction over Seau. The Court may exercise personal jurisdiction over a non-resident with respect to a claim that arises from the person's

> (1)     transacting any business in the District of Columbia;
> (2)     contracting to supply services in the District of Columbia;
> (3)     causing tortious injury in the District of Columbia by an act or omission in the District of Columbia; [or]
> (4)     causing tortious injury in the District of Columbia by an act or omission outside the District of Columbia if he regularly does or solicits business, engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed, or services rendered, in the District of Columbia . . . .

D.C. Code § 13–423. Assuming that Seau is not domiciled in the District of Columbia, it is unclear from Herbin's complaint and other filings that she is subject to personal jurisdiction in the District of Columbia. Herbin was incarcerated in Virginia during the relevant events, *see* Dkt. 1 at 1, and Seau's whereabouts during the formation and dissolution of the alleged partnership cannot be discerned from the filings. The only (sparse) link to the District of Columbia appears to be Herbin's allegation that Seau failed to attend a workshop "at the DC Bar . . . in the District of Columbia." *Id.* at 5 (Compl. ¶ 9). Herbin, accordingly, has not made a prima facie showing of personal jurisdiction, which provides an additional basis for denying his motions for default judgment. The Court will allow Herbin to provide additional allegations and evidence regarding personal jurisdiction.

## C. Other Matters

Even if Herbin can establish that the Court has both subject matter jurisdiction and personal jurisdiction, he is not automatically entitled to a default judgment. Rather, the "determination of whether default judgment is appropriate is committed to the discretion of the trial court." *CapitalKeys, LLC v. Democratic Republic of Congo*, 278 F. Supp. 3d 265, 284 (D.D.C. 2017) (quoting *Int'l Painters & Allied Trades Indus. Pension Fund v. Auxier Drywall, LLC*, 531 F. Supp. 2d 56, 57 (D.D.C. 2008)). Although the "defaulting defendant is deemed to admit every well-pleaded allegation in the complaint," *Fanning v. Hotel Mgmt. Advisors–Troy, LLC*, 282 F.R.D. 280, 283 (D.D.C. 2002) (citation omitted), failure to answer or to move to dismiss is "not an absolute confession" of liability, *Jackson v. Corr. Corp. of Am.*, 564 F. Supp. 2d 22, 26–27 (D.D.C. 2008). The Court *may*, in its discretion, "require some proof of the facts that must be established in order to determine liability." 10A Charles Alan Wright *et al.*, Federal Practice & Procedure § 2688.1 (4th ed.). If liability is established, moreover, the Court *must* make a further "independent determination" of damages. *Robinson v. Ergo Solutions, LLC*, 4 F. Supp. 3d 171, 178 (D.D.C. 2014) (citation and internal quotation marks omitted). In assessing damages, the court "may conduct hearings" to calculate the appropriate award, "establish the truth of any allegation by evidence," or "investigate any other matter." Fed. R. Civ. P. 55(b)(2); *see CapitalKeys*, 278 F. Supp. 3d at 285.

Given the nature of the claims against Seau, the size of the award that Herbin has requested, the fact that he has not provided any evidence in support of his claims, and serious questions about whether a binding contractual relationship was ever formed and, if so, what the terms of that agreement were, the Court will require an evidentiary submission on both liability and damages in the event that Herbin is able to establish the Court's subject matter jurisdiction and personal jurisdiction.

## CONCLUSION

For the foregoing reasons, it is hereby **ORDERED** that Plaintiff's motions for default judgment, Dkt. 15; Dkt. 18, are **DENIED** without prejudice; and it is further

**ORDERED** that Plaintiff shall, on or before September 14, 2018, (1) show cause why this case should not be dismissed for lack of subject matter jurisdiction and (2) submit evidence regarding subject matter jurisdiction, personal jurisdiction, and, if appropriate, liability and damages; and it is further

**ORDERED** that the Clerk of Court shall mail a copy of this memorandum opinion and order to Defendant at both addresses listed in the complaint.

**SO ORDERED**.

/s/ Randolph D. Moss
RANDOLPH D. MOSS
United States District Judge

Date: July 11, 2018